# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUAN CASTANEDA,

    Plaintiff,

vs.

LEE GRIGGS,

    Defendant.

Case No. 2:10-CV-01517-KJD-(LRL)

**ORDER**

    Plaintiff, who is a prisoner at the Ely State Prison, commenced this action in the Eighth Judicial District Court of the State of Nevada. Defendant removed the action to this court. The court has reviewed the complaint, and the court finds that the complaint requires amendment.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that when he was an inmate at the Southern Desert Correctional Center, a medium-security facility, he "was served with a disciplinary notice of charges alleging that he 'ordered' other inmates to assault" another inmate. Plaintiff further alleges that "no witness or evidence exists to prove plaintiff 'ordered' anyone to do anything." Defendant, who was the disciplinary hearing officer, found plaintiff guilty, even though, a plaintiff alleges, "Defendant did not present even one shred of evidence proving plaintiff 'ordered' any person to do anything to" the other inmate. Plaintiff was punished with disciplinary segregation, restitution, and a transfer to the Ely State Prison, a maximum-security facility.

Plaintiff's core allegation is too vague to state a claim upon which relief can be granted. He writes, "Defendant did not present even one shred of evidence proving plaintiff 'ordered' any person to do anything to" the other inmate. Plaintiff could be alleging a violation of one of two possible rules. First, a disciplined prisoner should receive a statement of what evidence the hearing officer relied upon to discipline him and the reasons for the discipline, Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). Second, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Superintendent v. Hill, 472 U.S. 445, 455 (1985). Plaintiff might be claiming that he did not receive a statement of what evidence that defendant did use, which would state a claim under Wolff. However, he makes no such allegation. Plaintiff also might be claiming that defendant relied upon no evidence at all, which would state a claim under Hill. However, plaintiff's consistent use of quotation marks around "ordered" indicates not so much a challenge to the lack of evidence but a complaint that defendant did not rely upon the correct evidence. Hill does not require evidence as formal and literal as a finding that plaintiff used the actual word "ordered;" for example, defendant could determine through circumstantial evidence that plaintiff directed the assault upon the other inmate. Plaintiff will need to allege what evidence, if any, defendant relied upon. Otherwise, plaintiff's allegation is too vague to state a claim. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

1    Plaintiff's allegation regarding his transfer to Ely also does not state a claim.

2    [N]o Due Process Clause liberty interest of a duly convicted prison inmate is
     infringed when he is transferred from one prison to another within the State, whether
3    with or without a hearing, absent some right or justifiable expectation rooted in state
     law that he will not be transferred except for misbehavior or upon the occurrence of
4    other specified events. . . .  As long as the conditions or degree of confinement to
     which the prisoner is subjected is within the sentence imposed upon him and is not
5    otherwise violative of the Constitution, the Due Process Clause does not in itself
     subject an inmate's treatment by prison authorities to judicial oversight. The Clause
6    does not require hearings in connection with transfers whether or not they are the
     result of the inmate's misbehavior or may be labeled as disciplinary or punitive."
7

8   Montanye v. Haymes, 427 U.S. 236, 242 (1976) (emphasis added).  Plaintiff will need to allege

9   what state law or policy, if any, gave him a right or expectation not to be transferred to a maximum-

10  security facility.

11           IT IS THEREFORE ORDERED that the complaint is **DISMISSED** for failure to

12  state a claim upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff

13  a civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that

14  this order is entered to submit his amended complaint, if he believes that he can correct the noted

15  deficiencies.  Failure to comply with this order will result in the dismissal of this action.

16           IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint

17  as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to

18  42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:10-CV-

19  01571-KJD-(LRL), above the word "AMENDED."

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

-3-

1  IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants
2 or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,
3 motion or other document submitted for consideration by the court.  Plaintiff shall include with the
4 original paper submitted for filing a certificate stating the date that a true and correct copy of the
5 document was mailed to the defendants or counsel for the defendants.  The court may disregard any
6 paper received by a district judge or magistrate judge which has not been filed with the clerk, and
7 any paper received by a district judge, magistrate judge or the clerk which fails to include a
8 certificate of service.

9  DATED: February 8, 2011

_____
KENT J. DAWSON
United States District Judge